```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-Civ-22999-JORDAN
                              MAGISTRATE JUDGE P.A. WHITE

JABARI GRAY,                  :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
WALTER A. MCNEIL,             :

     Respondent.              :
_____
```

## I. Introduction

Jabari Gray, who is presently confined at the Florida State Prison's West Unit in Raiford, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number F98-42910, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and amended petition, the Respondent's response to an order to show cause and appendix of exhibits, and Petitioner's memorandum addressing limitations.

## II. Procedural History

Gray was indicted for first-degree murder (reduced to second-degree murder), attempted kidnapping with a weapon, unlawful possession of a firearm by a convicted felon and attempted felony

1

murder with a deadly weapon. [DE# 29, Ex. A]. Gray pled guilty in exchange to a twenty-five-year sentence. [DE# 29, Ex. C at 3, 13]. The court adjudicated Gray guilty and sentenced him to twenty-five years with a three-year minimum mandatory on August 7, 2003. [DE# 29, Ex. D, E].

Gray filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on July 5, 2005. [DE# 29, Ex. F]. He sought to vacate his guilty plea because: (1) he was forced to proceed with trial counsel who labored under a conflict of interest; (2) his guilty plea was involuntary because he did not understand the nature of the charge or the consequences of the plea; and (3) the sentence exceeded the maximum authorized by law. The trial court denied Gray's claims that his plea was involuntary because those claims were conclusively refuted by the record. [DE# 29, Ex. J]. However, the court construed the sentencing issue as a claim for relief under Florida Rule of Criminal Procedure 3.800 and granted relief. The court found the three-year minimum mandatory portion of the sentence was not part of the plea agreement and was mentioned for the first time after the plea colloquy had already occurred. The court entered a corrected sentence on November 8, 2005, nunc pro tunc to August 7, 2003, striking the three-year minimum mandatory term from Gray's sentence. [DE# 29, Ex. J].

Two appeals ensued. Gray appealed the denial of his 3.850 claims, (3D05-2709), and the State appealed the corrected sentence, (3D05-2739). [DE# 29, Ex. K]. The Third District Court of Appeal per curiam affirmed in both cases. Gray v. State, 949 So. 2d 210 (Fla. 3d DCA 2007); State v. Gray, 940 So. 2d 437 (Fla. 3d DCA 2006). The mandates issued on March 9, 2007, and October 27, 2006,

2

respectively.[1]

Gray pursued several more collateral attacks on his conviction and sentence in State court.[2] See, e.g., Gray v. State, 959 So. 2d 267 (Fla. 3d DCA 2007) (3D07-1064); Gray v. State, 981 So. 2d 1211 (Fla. 3d DCA 2008)(3D07-1900).

Gray filed the instant petition on October 22, 2008.[3] He argues: (1) the trial court misadvised him about the constitutional rights he was giving up by accepting a plea agreement; and (2) the trial court failed to conduct a Nelson[4] hearing and make the required findings concerning Gray's motion to discharge his attorney.

In his memorandum addressing limitations, Gray contends his petition is timely because he filed it within one year after the Third District dismissed his appeal on May 13, 2008, in case number 3D07-1900. The Respondent contends this petition was untimely filed more than a year after his conviction became final. It appears from the limited record before the Court that the instant petition might

---

[1] The Court takes judicial notice of the information maintained by the Clerk of Court, Third District Court of Appeal, pertaining to the Petitioner located at http://199.242.69.70/pls/ds/ds_docket_search?pscourt=3. See Fed. R. Ev. 201.

[2] The Respondent has repeatedly ignored this Court's orders to provide a complete appendix of documents filed in the State court proceedings. See [DE# 21, 31]. The Court is able to dispose of the petition on the merits without a full appendix, however, and declines to bring counsel for the Respondent before the Court to explain this failure in the interest of judicial economy.

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). Gray's amended petition, filed on April 15, 2009, contains the same two grounds for relief as the original petition.

[4] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

3

have been timely filed within one year of the November 8, 2005, amended sentence. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007); Stites v. Sec'y Dep't of Corr., 278 Fed. Appx. 933 (11th Cir. 2008). Further, it is unclear whether the claims are exhausted or procedurally defaulted absent a full record of the State court proceedings. The Court will assume without deciding that this petition and is timely and not procedurally defaulted and will address the claims on the merits. See Lambrix v. Singletary, 520 U.S. 518 (1997) (although procedural issues should generally be addressed before considering the merits of a claim, the courts may reach the merits first in the interest of judicial economy); Peoples v. Campbell, 377 F.3d 1208 (11th Cir. 2004) (a habeas petition can be denied on the merits notwithstanding the applicant's failure to exhaust state-court remedies); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999)(judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner and the procedural bar issues are complicated); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8th Cir. 1998)("[t]he simplest way to decide a case is often the best.").

### III. Standard of Review

Section 104(d) of the AEDPA provides that a prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the decision of the state court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v.

Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). In adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions or even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

## IV. Discussion

1) Involuntary Plea

Gray contends the trial court misadvised him that he would be waiving all his constitutional rights by entering a nolo contendere

plea. According to Gray, the court lacked the authority to make a waiver of all constitutional rights a condition of the plea agreement without violating due process. This claim is insufficient to support relief.

The fundamental constitutional consideration when a petitioner challenges his guilty or nolo contendere plea is whether it was voluntary. Wallace v. Turner, 695 F.2d 545 (11th Cir. 1983). A voluntary and intelligent guilty plea entered with the assistance of counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984), disapproved on other grounds by Puckett v. United States, 129 S.Ct. 1423, 1430 (2009). A reviewing federal court "may set aside a state court guilty plea only for failure to satisfy due process." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991). For a guilty plea to be entered knowingly and intelligently, the defendant "must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available." Stano v. Dugger, 921 F.2d 1125, 1142 (11th Cir. 1991); see Brady v. United States, 397 U.S. 742, 755 (1970). Voluntariness implicates "[i]gnorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality." Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). "[O]nly when it develops that the defendant was not fairly apprised of its consequences can his plea be challenged under the Due Process Clause." Mabry, 467 U.S. at 509 (citing Santobello v. New York, 404 U.S. 257 (1971)).

Gray fails to allege he was not fairly apprised of his nolo contendere plea's consequences. He merely argues the trial court

overstated the constitutional rights Gray would be abandoning by entering his plea. That is, Gray essentially argues the trial court violated due process by over-warning him. He has failed to allege he did not understand the plea or its direct consequences. Nor has he explained how the court's alleged over-warning rendered his plea involuntary or prejudiced him in any way. No due process violation is apparent and habeas relief should be denied.

2)   Motion to Discharge Counsel

Gray contends the trial court failed to hold a hearing and make factual findings regarding his motion to discharge counsel pursuant to Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973). Gray is not entitled to federal habeas relief for this alleged violation of State law.

Federal habeas relief is available only to correct federal constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding errors that do not infringe a defendant's constitutional rights provide no basis for federal habeas corpus relief). Questions of state law and procedure "rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting Carrizales v. Wainwright, 699 F.2d 1053, 1053-54 (11th Cir. 1983)). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v.

Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

A court's failure to adhere to Nelson is a State law issue which provides no basis for federal habeas relief. Estelle, 502 U.S. at 67; see, e.g., Petz v. Sec'y, Dep't of Corr., 2008 WL 5142465 (M.D. Fla. Dec. 5, 2008) (Nelson claim not cognizable on federal habeas petition).

To state a federally cognizable claim regarding his motion to discharge counsel, Gray would have to demonstrate the trial court deprived him of the right to the assistance of an attorney under the Sixth Amendment. Gray would have to satisfy Strickland's two-part test, demonstrating (1) deficient performance that (2) prejudiced him. Gray complains in his motion to discharge that counsel has a "conflict of interests" because he used negative language and failed to communicate adequately with Gray. [DE# 18, Ex. D]. However, Gray has not explained how particular conduct by counsel was deficient and prejudiced the outcome of the case. General complaints do not rise to the level of Strickland ineffective assistance of counsel; no constitutional deprivation of counsel has been demonstrated. See, e.g., Petz, 2008 WL 5142465; Fortner v. McNeil, 2008 WL 651810 (M.D. Fla. March 10, 2008); Neal v. McDonough, 2007 WL 174160 (N.D. Fla. Jan. 18, 2007).

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report. The Court provided the petitioner with a courtesy copy of the State's response on August 4, 2009. No reply has been filed to date. Any untimely reply will be considered objections to this report.

SIGNED this 9th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jabari Gray, pro se
DC# L01874
Florida State Prison - West Unit
7819 NW 228 Street
Raiford, FL 32026-3000

Linda Katz, AAG
Office of the Attorney General
444 Brickell Ave., Suite 650
Miami, FL 33131